**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 98-30247
Summary Calendar

_____

ROXEANNA GUILLORY,

                                        Plaintiff-Appellant,

versus

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 96-CV-2091
- - - - - - - - - -

March 22, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Roxeanna Guillory appeals the district court's judgment for the Commissioner in her action pursuant to 42 U.S.C. § 405(g) for review of the administrative law judge's (ALJ) decision denying her Disability and Supplemental Security Income benefits.  Guillory argues that the district court improperly applied the 42 U.S.C. § 405(g) remand standard to evidence which was contained in the transcript of the record; that the evidence which did not support per se entitlement at section 9.09 nonetheless established the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

presence of a severe impairment (obesity) at step 2 of the sequential evaluation process; that vocational expert testimony was necessary to establish that her past relevant work would not expose her to protracted excessive stress; and that the ALJ ignored expert opinion evidence that she was unable to perform past relevant work as an insurance salesman, and thus failed to proceed to step 5 of the sequential evaluation.

The federal regulations governing the administrative and judicial review process for Social Security determinations are contained in 20 C.F.R. § 404.900.  Those regulations require a Social Security claimant to exhaust administrative remedies before the claimant can seek judicial review in federal court. § 404.900 (a) and (b).  This court has held that the administrative exhaustion requirement is jurisdictional.  Paul v. Shalala, 29 F.3d 208, 210-11 (5th Cir. 1994); Muse v. Sullivan, 925 F.2d 785, 791 (5th Cir. 1987); Harper v. Bowen, 813 F.3d 737, 739, 743 (5th Cir. 1987).  If the claimant fails to raise a particular issue in the Appeals Council, the federal courts do not have jurisdiction to review the claim.  Paul, 29 F.3d at 210.

In her motion for summary judgment filed in the district court, Guillory raised the following issues: 1) the ALJ erred by not finding the claimant met the listing of 20 C.F.R. 404 subt P App. 1 listing 9.09 for obesity; 2) the ALJ erred by finding the claimant's past relevant work as insurance salesman and that she could return to that work; 3) the ALJ erred at step 4 by not properly considering the effect of the severe mental impairment and the effect of the medications; and 4) the Commissioner's decision

is not supported by substantial evidence. Guillory did not raise these specific arguments in issues 1-3 in the Appeals Council. Therefore, the district court did not have jurisdiction to consider them. Paul, 29 F.3d at 210. To the extent that Guillory's arguments on appeal are different from the arguments she made in the district court, this court likewise does not have jurisdiction to consider them because they were not raised in the Appeals Council. Id.

In her appellate brief, Guillory does not repeat her argument made in the district court that the Commissioner's decision is not supported by substantial evidence. This issue is abandoned. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Considering Guillory's first listed issue, whether the district court improperly applied the 42 U.S.C. § 405(g) remand standard to evidence which was contained in the transcript of the record, because the district court did not have jurisdiction to review all of Guillory's issues except the question of substantial evidence, and because she has abandoned the question of substantial evidence on appeal, this issue is moot.

AFFIRMED.